# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50965
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS HOMAR TOVAR-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-92-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Homar Tovar-Torres appeals the above-guidelines, 30-month sentence imposed for his illegal reentry conviction. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A non-Guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50965

sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court cited Tovar-Torres's prior immigration convictions and disciplinary violations at his detention facility as evincing a lack of respect of the law and necessitating an above-guidelines sentence in order to deter Tovar-Torres and protect the public. Tovar-Torres's disagreement with the district court's assessment of these factors is not sufficient to show an abuse of discretion. *See Gall*, 552 U.S. at 51. The extent of the variance, nine months above the guidelines maximum of 21 months, is within the range of variances that we have upheld. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's reasons for its sentencing decision, Tovar-Torres has not demonstrated that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45.

The judgment of the district court is AFFIRMED.